UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FERMIN GONZALEZ, BECKIS GRISELDA
TURCIOS, and SANDRA BONILLA,
*individually and on behalf of others similarly situated*,

                         Plaintiffs,                         **MEMORANDUM AND ORDER**

                            v.                                   1:21-cv-04931 (OEM) (MMH)

ADVANCED CLEANING SERVICES OF
LONG ISLAND, INC. (D/B/A ADVANCED
CLEANING SERVICES OF LONG
ISLAND), CREATE A COLOR CARPET
SPECIALISTS, INC., RICK SCARPINELLA,
and MELISSA SCARPINELLA,

                         Defendants.
-----------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

       On September 1, 2021, plaintiffs Fermin Gonzalez, Beckis Griselda Turcios, and Sandra Bonilla ("Plaintiffs") filed suit individually and on behalf of others similarly situated against Advanced Cleaning Services of Long Island, Inc., Create a Color Carpet Specialists, Inc., Rick Scarpinella, and Melissa Scarpinella. Complaint, ECF 1.

       On February 29, 2024, Plaintiffs filed a motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Plaintiffs' Settlement Approval Motion, ECF 37. On March 1, 2024, the Court referred Plaintiffs' motion to Magistrate Judge Henry. On April 8, June 25, and July 15, 2024, Plaintiffs submitted three supplements to their motion for settlement approval. *See* ECF 38, 40, 43.

       Magistrate Judge Henry issued a Report and Recommendations on July 26, 2024, recommending that Plaintiffs' motion be granted. July 26, 2024 Report and Recommendations

(the "R&R").  The R&R clearly stated that "[w]ithin 14 days, any party may serve and file objections to this report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review." *Id*.  To date, no party has filed an objection to the R&R.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review.  *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted).  The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error.  *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000).  No such error appears in Magistrate Judge Henry's decision.  Accordingly, the Court adopts the R&R, finds that Plaintiffs' recovery under the revised settlement agreement is fair and reasonable, and grants Plaintiffs' motion for settlement approval, as supplemented by ECF Nos. 38, 40, and 43.  The Clerk of Court is respectfully directed enter a judgment in accordance with this Order and to close this case.

**SO ORDERED.**

    /s/
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
    August 12, 2024

2